92 F.3d 1169
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
David FLEMING, Plaintiff, Appellant,
v.
DEPARTMENT OF CORRECTIONS, et al., Defendants, Appellees.
David Gordon FLEMING, Plaintiff, Appellant,
v.
DEPARTMENT OF CORRECTIONS, et al., Defendants, Appellees.
 No. 96-1351, 96-1352.
 United States Court of Appeals, First Circuit.
 Aug. 5, 1996.
 
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Gordon Fleming is a Maine state prisoner incarcerated at the Maine Correctional Institution in Warren (MCI-Warren). On March 1, 1996, Fleming was transferred within MCI-Warren from Housing Unit C to Housing Unit B. He was later informed that, "You became loud and started hollering trying to incite all the inmates in C. Wing, your action[s] were reviewed by the Program Review Committee, and they recommended that you be returned to B. Wing so that you would not disrupt the unit." Shortly after the transfer, Fleming filed both a civil rights complaint pursuant to 42 U.S.C. § 1983, Fleming v. Department of Corrections, et al., Civil No. 96-70-B, and a "habeas petition," Fleming v. Department of Corrections, et al., Civil No. 96-77-B. A magistrate judge recommended that both filings be dismissed as frivolous within the meaning of 28 U.S.C. § 1915(d). The district judge adopted the magistrate's recommendations. Fleming now appeals from the dismissal of his complaint in civil action No. 96-70-B. He also seeks a certificate of probable cause permitting him to appeal the dismissal of his "habeas petition" in civil action No. 96-77-B.[1]
 
 I.
 
 2
 For the following reasons, we affirm the dismissal of Fleming's complaint in civil action No. 96-70-B.
 
 
 3
 Relying on the Supreme Court's decision in Sandin v. Conner, 115 S.Ct. 2293 (1995), the district court ruled that Fleming had no liberty interest in being free from transfer to the "B-side" of MCI-Warren which would trigger due process requirements. Fleming makes no meaningful argument that this ruling was in error. Instead, he criticizes the holding of Sandin and suggests that, if it is the "new law of the land," he has little incentive to abide by prison rules. We are bound by Supreme Court decisions, and we see no basis for setting aside the district court's ruling that the due process claim is frivolous.
 
 
 4
 Assuming without deciding that the issue has been preserved on appeal, we would affirm the dismissal of Fleming's equal protection claim as frivolous. Fleming does not allege that he is a member of a protected class, and there is no suggestion that the transfer to Housing Unit B was the result of invidious discrimination. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (observing that prisoners are protected under the Equal Protection clause against invidious discrimination). Mere inconsistency in prison management does not support a constitutional claim. See Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir.1982).
 
 
 5
 Finally, the notion that prison officials "falsely" charged Fleming with attempting to incite other inmates in retaliation for his having filed a lawsuit in Maine state court is sufficiently implausible, on the facts of this case, to warrant the dismissal of Fleming's retaliatory transfer claim as frivolous. See Neitzke v. Williams, 490 U.S. 319, 327 (1989) (observing that § 1915(d) accords judges the power to "pierce the veil" of the complaint's factual allegations). Fleming admits to the underlying conduct found to be objectionable, though not to its characterization by prison officials. The particular officials who reported Fleming were not defendants in the Maine lawsuit. And, although the Maine lawsuit was pending at the time of Fleming's transfer, it was shortly thereafter dismissed as totally frivolous.
 
 
 6
 Fleming's remaining arguments do not appear with sufficient clarity in his complaint or are waived on appeal. Under the circumstances, and for the reasons stated above, we find no error in the dismissal of the complaint.
 
 II.
 
 7
 We also deny Fleming's request for a certificate of probable cause in civil action No. 96-77-B, and we summarily dismiss the appeal. See Loc. R. 27.1.
 
 
 8
 To the extent that Fleming's "habeas petition" is better construed as a § 1983 complaint, leave to appeal is not necessary. However, we have already rejected as frivolous Fleming's claim that the transfer to "B-side" violated his right to due process. We are also persuaded that in civil action No. 96-77-B, Fleming abandoned any § 1983 claims in his objection to the magistrate's report and subsequent filings.
 
 
 9
 Fleming, however, would have us construe his filing in civil action No. 96-77-B as a habeas petition. He argues that inmates at Maine State Prison are permitted to earn up to three work-related good time credits in any month, and that inmates at MCI-Warren, himself included, have been unlawfully limited to only one or two credits per month. We do not think this claim was raised with sufficient clarity in Fleming's "petition," which focused on the facts surrounding his transfer from one housing unit within MCI-Warren to another. Accordingly, we deny the request for a certificate of probable cause. See Cacoperdo v. Demosthene, 37 F.3d 504, 507 (9th Cir.1994) (grounds not raised in habeas petition are not cognizable on appeal), cert. denied, 115 S.Ct. 1378 (1995).
 
 
 
 [1]
 After Fleming filed his petition for a certificate of probable cause in this court, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (April 24, 1996). Although Fleming has not raised the issue, we note that we need not decide in this case whether any of the amendments in the Act apply since it would not alter our disposition